UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SUSANN F. SPAGNUOLO ex rel. F.E.C.,

                              Plaintiff,

                                                                           Case # 15-CV-506-FPG

v.

                                                                           DECISION AND ORDER

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.
_____

       Susann F. Spagnuolo ("Plaintiff") brings this action on behalf of her minor child ("F.E.C.") pursuant to Title XVI of the Social Security Act ("the Act") seeking review of the final decision of the Acting Commissioner of Social Security ("the Commissioner") that denied his application for Supplemental Security Income ("SSI").  ECF No. 1.  This Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c).

       Both parties have moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.  ECF Nos. 8, 11.  For the reasons that follow, this Court finds that the Commissioner's decision is not in accordance with the applicable legal standards.  Accordingly, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings.

## BACKGROUND

       On September 30, 2010, an application for SSI was protectively filed with the Social Security Administration ("the SSA") on behalf of F.E.C., a child under 18 years old.  Tr.[1] 234-39.  Plaintiff alleged that F.E.C. had been disabled since February 27, 2010, due to brachial cleft remnant, blood transfusions, and excessive fluid in the left kidney.  Tr. 252.  After her

---

[1]     References to "Tr." are to the administrative record in this matter.

1

application was denied at the initial administrative level, a hearing was held before Administrative Law Judge Bruce R. Mazzarella ("the ALJ") on April 24, 2013, in which the ALJ considered F.E.C.'s application *de novo*. Tr. 74-113. F.E.C.'s mother appeared at the hearing and testified. *Id.* F.E.C., who was only three years old at the time of the hearing, was kept outside the room until the end of the hearing when the ALJ met him briefly. Tr. 105-12. On May 9, 2013, the ALJ issued a decision finding that F.E.C. was not disabled within the meaning of the Act. Tr. 56-68. That decision became the Commissioner's final decision on September 22, 2014, when the Appeals Council denied F.E.C.'s request for review. Tr. 5-8. This action seeks review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (internal quotation marks omitted). It is not this Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (internal quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

**II.     Child Disability Standard**

An individual under 18 years old will be considered disabled if he or she has a medically determinable physical or mental impairment that results in marked and severe functional limitations, that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than 12 months.  42 U.S.C. § 1382c(a)(3)(C)(i).

The Commissioner must follow a three-step process to evaluate child disability claims. *See* 20 C.F.R. § 416.924.  At step one, the ALJ determines whether the child is engaged in substantial gainful work activity.  *See* 20 C.F.R. § 416.924(b).  If so, the child is not disabled.  If not, the ALJ proceeds to step two and determines whether the child has an impairment, or combination of impairments, that is "severe," meaning that it causes "more than minimal functional limitations." 20 C.F.R. § 416.924(c).  If the child does not have a severe impairment or combination of impairments, he or she is "not disabled."  If the child does, the ALJ continues to step three.

At step three, the ALJ examines whether the child's impairment meets, medically equals, or functionally equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings").  20 C.F.R. § 416.924(d).  To determine whether an impairment or combination of impairments functionally equals the Listings, the ALJ must assess the child's functioning in terms of the following six domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for yourself; and (6) health and physical well-being.  20 C.F.R. §§ 416.926a(b)(1)(i)-(vi).  To "functionally equal the listings," the child's impairment(s) must cause "marked" limitations in two domains of functioning or an "extreme" limitation in one domain.  20 C.F.R. § 416.926a(a).

## DISCUSSION

### I.   The ALJ's Decision

The ALJ's decision analyzed F.E.C.'s claim for benefits under the process described above. At step one, the ALJ found that F.E.C. was a minor child who never engaged in substantial gainful activity. Tr. 59. At step two, the ALJ found that F.E.C. has the following severe impairments: moderate expressive language delay, severe articulation delay, fine motor skills delay, and bilateral branchial cleft remnants due to Branchio-Oculo-Facial Syndrome. *Id.* At step three, the ALJ found that such impairments, alone or in combination, did not meet or medically equal an impairment in the Listings. *Id.*

As to the six domains of functioning, the ALJ found that F.E.C. had a "less than marked" limitation in Acquiring and Using Information, Interacting and Relating with Others, Moving About and Manipulating Objects, and Health and Physical Well-Being. Tr. 62-63, 64-66, 67. The ALJ found no limitation in Attending and Completing Tasks and Caring for Yourself. Tr. 63-64, 66-67. Thus, the ALJ found that F.E.C.'s impairments, alone or in combination, did not functionally equal an impairment in the Listings. Tr. 62-67. Accordingly, the ALJ found F.E.C. not disabled within the meaning of the Act. Tr. 67.

### II.   Analysis

Plaintiff argues that remand is warranted because the ALJ's credibility assessment is not supported by substantial evidence.[2] ECF No. 8-1, at 28-30. Specifically, Plaintiff asserts that the ALJ erred because he failed to explain why he found her less than fully credible. *Id.* The Commissioner maintains that the ALJ's credibility assessment was proper because, although his explanation was "brief," "the ALJ nevertheless offered sufficient discussion to permit the Court

---

[2]   Plaintiff advances other arguments that she believes warrant reversal of the Commissioner's decision. ECF No. 8-1, at 20-28. Because this Court disposes of this matter based on the improper credibility assessment, however, those arguments need not be reached.

to infer his reasoning by pointing to the same evidence upon which he based his findings regarding the domains." ECF No. 11-1, at 26.

An ALJ must "evaluate the credibility of testimony or statements about the claimant's impairments when there is conflicting evidence about the extent of pain, limitations of function, or other symptoms alleged." *Warren ex rel. T.M.W. v. Colvin*, No. 12-CV-00544-JTC, 2014 WL 200231, at *8 (W.D.N.Y. Jan. 16, 2014) (citation omitted); *Snell v. Apfel*, 177 F.3d 128, 135 (2d Cir. 1999) ("Where there is conflicting evidence about a claimant's pain, the ALJ must make credibility findings."). The court must uphold the ALJ's decision and may not substitute its judgment for the Commissioner's when the ALJ's credibility analysis is based on application of the proper legal standards and is supported by substantial evidence. *Hogan v. Astrue*, 491 F. Supp. 2d 347, 352 (W.D.N.Y. 2007) (citing *Parker v. Harris*, 626 F.2d 225, 231 (2d Cir. 1980)).

An ALJ must conduct a two-step analysis when he or she considers the extent to which subjective evidence of a claimant's symptoms can reasonably be accepted as consistent with the medical and other objective evidence. *Brownell v. Astrue*, No. 05-CV-0588 (NPM/VEB), 2009 WL 5214948, at *3 (N.D.N.Y. Dec. 28, 2009). First, the ALJ considers whether the medical evidence shows any impairment that "could reasonably be expected to produce the pain or other symptoms alleged[.]" 20 C.F.R. § 416.929(a); S.S.R. 96-7p, 1996 WL 374186, at *2 (S.S.A. July 2, 1996). Second, if an impairment is shown, the ALJ must evaluate the "intensity, persistence, or functionally limiting effects" of the claimant's symptoms to determine the extent to which they limit the claimant's ability to function. 20 C.F.R. § 416.929(b); S.S.R. 96-7p, 1996 WL 374186, at *2 (S.S.A. July 2, 1996).

When the objective medical evidence alone does not substantiate the claimant's alleged symptoms, the ALJ must assess the credibility of the claimant's statements considering the

following factors: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the claimant's symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication taken to relieve symptoms; (5) other treatment received to relieve symptoms; (6) any measures the claimant has taken to relieve symptoms; and (7) any other factors concerning the claimant's functional limitations and restrictions due to symptoms. 20 C.F.R. §§ 416.929(c)(3)(i)-(vii); S.S.R. 96-7p, 1996 WL 374186, at *2 (S.S.A. July 2, 1996).

In an SSI case on a child's behalf, the ALJ must accept the testimony of the person most familiar with the child's condition, such as a parent, if the child claimant cannot adequately describe his or her symptoms. *Hickman ex rel. M.A.H. v. Astrue*, 728 F. Supp. 2d 168, 181 (N.D.N.Y. 2010) (citation omitted). Under those circumstances, "the ALJ must make specific findings concerning the credibility of the parent's testimony, just as he would if the child were testifying." *Id.* (citation omitted).

Here, the ALJ mentioned the two-step credibility analysis described above and summarized some of F.E.C.'s mother's testimony, but he never actually made a credibility assessment with regard to her allegations about the intensity, persistence, or functionally limiting effects of F.E.C.'s symptoms. Tr. 60-62. Throughout his decision, the ALJ cites to the objective medical evidence and seems to find that the evidence does not support her allegations. *Id.* The ALJ was thus required to consider the requisite credibility factors and explain his findings—especially since F.E.C. was only three years old and could not adequately participate in the hearing—which he failed to do. *See Hamedallah ex rel. E.B. v. Astrue*, 876 F. Supp. 2d 133, 152 (N.D.N.Y. 2012) ("If plaintiff's testimony concerning the intensity, persistence or functional limitations associated with his [or her] impairments is not fully supported by clinical evidence,

the ALJ must consider additional factors[.]"); 20 C.F.R. §§ 416.929(c)(3)(i)-(vii); S.S.R. 96-7p, 1996 WL 374186, at *2 (S.S.A. July 2, 1996).

Instead, the ALJ summarily stated that F.E.C.'s medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that "the statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained below." Tr. 25. The ALJ never provides an explanation, however, that makes it clear to this Court why he discounted F.E.C.'s mother's credibility.[3] *See Phelps v. Colvin*, 20 F. Supp. 3d 392, 403 (W.D.N.Y. 2014) ("If the ALJ does find that a claimant's testimony is not credible, then the ALJ's determination must be set forth with sufficient specificity to permit intelligible plenary review of the record.") (internal quotation marks and citation omitted); *Hamedallah*, 876 F. Supp. 2d at 152 ("An ALJ rejecting subjective testimony must do so explicitly and with specificity to enable the Court to decide whether there are legitimate reasons for the ALJ's disbelief and whether his decision is supported by substantial evidence.") (citation omitted); S.S.R. 96-7p, 1996 WL 374186, at *2 (S.S.A. July 2, 1996) ("It is not sufficient to make a conclusory statement that 'the individual's allegations have been considered' or that 'the allegations are (or are not) credible.' It is also not enough for the [ALJ] simply to recite the factors that are described in the regulations for evaluating symptoms."). Accordingly, this Court finds that the ALJ's credibility assessment is not supported by substantial evidence and that remand is required.

---

[3] Additionally, this Court is not persuaded by the Commissioner's argument that any error in the ALJ's credibility assessment was harmless. ECF No. 11-1, at 26-27. Specifically, the Commissioner asserts that Plaintiff's statements about F.E.C. did not demonstrate disabling limitations and thus did not conflict with the ALJ's decision. *Id.* Plaintiff's testimony, however, described significant delays in F.E.C.'s speech and fine motor skills that, if credited, could have affected the ALJ's findings in one or more of the functional domains.

**CONCLUSION**

For the reasons stated, Plaintiff's Motion for Judgment on the Pleadings (ECF No. 8) is GRANTED, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 11) is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g). *See Curry v. Apfel,* 209 F.3d 117, 124 (2d Cir. 2000); 42 U.S.C. § 1383(c)(3). The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: October 5, 2016
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court